UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TYESHINA SYKES, an individual, and JLS, by and through her guardian ad litem TYESHINA SYKES, an individual, | CIV. NO. 2:16-02851 WBS GGH |
| Plaintiffs, | MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO AMEND, MOTION TO BIFURCATE, AND MOTION FOR SUMMARY JUDGMENT |
| v. | |
| DONALD JAMES SHEA, an individual; KUNKEL TRUCK LINES, INC., a South Dakota Corporation; and DOES 1-30; | |
| Defendants. | |
| DONALD JAMES SHEA, an individual and KUNKEL TRUCK LINES, INC., a South Dakota Corporation, | |
| Counter-Claimants, | |
| v. | |
| TYESHINA SYKES, an individual, and Does 1-10, | |
| Counter-Defendants. | |

----oo0oo----

1    　　　　Tyeshina Sykes ("Sykes") initiated this action on

2    behalf of herself and J.S., a minor, against defendants Donald

3    James Shea ("Shea") and Kunkel Trucking, Inc. ("Kunkel") alleging

4    negligence based personal injury claims related to a motor

5    vehicle collision involving a truck driven by Shea and owned by

6    Kunkel.  Before the court are: (1) defendants' Motion to Amend

7    Answer (Docket No. 20)[1]; (2) defendants' partial Motion for

8    Summary Judgment (Docket No. 22); and (3) defendants' Motion to

9    Bifurcate (Docket No. 21).

10   I.　　Background

11   　　　　On May 11, 2015, Sykes was driving a Toyota Avalon on

12   Highway 5 when her vehicle hit a pothole, causing her lights to

13   go out and engine to stop running.  (Decl. of Lauren Horwitz in

14   Supp. of Pls.' Opp'n to Defs.' Partial Mot. for Summ. J.

15   ("Horwitz Decl.") ¶ 2 (Docket No. 28-1).)  Sykes' sister and

16   child, J.S., were in the car at the time.  (Id.)  Sykes parked

17   her vehicle on the side of the road and exited the vehicle.

18   (Id.)  Sykes' vehicle was then struck by a truck operated by

19   Shea.  (Id.)  The complaint alleges that plaintiffs sustained

20   personal injuries after defendants' vehicle struck Sykes' parked

21   vehicle.  (Compl. ¶ 20 (Docket No. 1-1).)

22   　　　　At the time of the incident, Sykes owned the Toyota

23   Avalon she was driving.  (Decl. of J. Stephanie Krmpotic in Supp.

24   of Defs.' Mot. for Partial Summ. J. ("Krmpotic Decl."), Ex. A,

25   Sykes' Interrog. Resp. No 13 (Docket No. 22-2).)  During Sykes'

26

27   　　　　[1]　Plaintiffs do not oppose defendants' Motion to Amend
     Answer.  Accordingly, the motion is granted and will not be
28   discussed in this memorandum.

deposition, although Sykes claimed she had insurance for the car at the time of the accident, she conceded that she did not know the time period covered through her supposed policy. (Krmpotic Decl., Ex. B, Sykes' Dep. 87.) Additionally, she could not remember when she last paid any premiums for her insurance, and she was uncertain whether she kept a certificate of insurance in her car. (Id.) She also could not remember her insurance limits, how much she paid for the insurance policy, or whether she had any documents indicating that she had insurance. (Id.) Sykes later admitted that she did not have an insurance policy in effect at the time of the collision. (Pls.' Opp'n to Defs.' Mot. to Bifurcate 3 (Docket No. 30).)

Sykes assigned a cash deposit of $35,000 with the Department of Motor Vehicles ("DMV") after the collision. (Id.) On January 21, 2016, Sykes received a letter from the DMV that it had received and accepted her deposit. (Decl. of Tyeshina Sykes in Supp. of Pls.' Opp'n to Defs.' Mot. for Summ. J., Ex. 3 (Docket No. 28-2).)

On October 31, 2016, plaintiffs commenced this action in the Superior Court of California, County of Sacramento. The complaint identified one cause of action against all defendants for general negligence and alleged loss of income and earning capacity, past and future medical expenses, and general (non-pecuniary) damages for injuries to both plaintiffs. (Compl. ¶¶ 21-23.) The action was removed to federal court on December 2, 2016. (Docket No. 1.)

II.  Partial Motion for Summary Judgment

A partial motion for summary judgment is governed by

the same standard as a motion for summary judgment.  See Fed. R.
Civ. P. 56.  Summary judgment is proper "if the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R. Civ.
P. 56(a).  A material fact is one that could affect the outcome
of the suit, and a genuine issue is one that could permit a
reasonable jury to enter a verdict in the non-moving party's
favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).

In deciding a summary judgment motion, the court must
view the evidence in the light most favorable to the party
opposing the motion and draw all justifiable inferences in its
favor.  Matsushita, 475 U.S. at 587.  "Credibility
determinations, the weighing of the evidence, and the drawing of
legitimate inferences from the facts are jury functions, not
those of a judge . . . ruling on a motion for summary judgment."
Anderson, 477 U.S. at 255.

Defendants move for partial summary judgment pursuant
to Federal Rule of Civil Procedure Rule 56(a) on Sykes' claim for
non-economic damages.  Defendants argue that because Sykes' claim
arises out of the operation or use of a motor vehicle which Sykes
owned, and the vehicle was not insured as required by California
Civil Code § 3333.4(a)(2), she is barred from receiving non-
economic damages.  In the alternative, defendants argue Sykes
should not be able to recover non-economic damages because Sykes
was the operator of a vehicle involved in an accident and she
cannot establish her financial responsibility pursuant to
California Civil Code § 3333.4(a)(3).

In relevant part, California Civil Code § 3333.4 states:

> (a)  In any action to recover damages arising out of the operation or use of a motor vehicle, a person shall not recover non-economic losses to compensate for pain, suffering, inconvenience, physical impairment, disfigurement, and other nonpecuniary damages if any of the following applies:
>
> (2)  The injured person was the owner of a vehicle involved in the accident and the vehicle was not insured as required by the financial responsibility laws of this state.
>
> (3)  The injured person was the operator of a vehicle involved in the accident and the operator can not establish his or her financial responsibility as required by the financial responsibility laws of this state.

Cal. Civ. Code § 3333.4(a)(2)-(3).

A.  Operation and Use of Vehicle

Although Sykes was not in her vehicle when the accident occurred, she was nevertheless required to possess automobile insurance or otherwise establish her financial responsibility in order to comply with Civil Code § 3333.4(a).  See Harris v. Lammers, 84 Cal. App. 4th 1072 (1st Dist. 2000) (holding that § 3333.4(a) applied to case in which plaintiff was struck in parking lot while standing outside her vehicle because action was one "arising out of the use of a motor vehicle.")  The Harris court determined that although plaintiff was not in her vehicle when she was injured, she was still obligated to possess automobile insurance in order to recover non-economic damages.

Plaintiff seeks to distinguish Harris on the ground that plaintiff in that case had been handing supplies to her children seated inside the car, and it was the act of loading the vehicle that constituted use of the car.  However, the Harris

court explained that plaintiff had used her "car to transport her children and supplies and the accident arose out of and flowed from that use. Plaintiff was in the parking lot where the accident occurred precisely because she was using the car to transport her children and supplies." Id. at 1077. Accordingly, the fact that Sykes was not loading or unloading her car is irrelevant. Sykes had been using her car to transport her child and herself. As in Harris, Sykes had driven her uninsured vehicle to the location where the accident occurred, and thus was on the side of the highway precisely because she was using the car for transportation. Accordingly, plaintiff's attempt to differentiate Harris on this ground fails. The fact that Sykes was not physically in contact with the car does not mean that she was not using it.

Plaintiff further attempts to distinguish Harris by arguing that Sykes had left her car for approximately fifteen to twenty minutes before the accident occurred, and thus too much time had elapsed for Sykes' actions to constitute use of the car. However, in Harris length of time was not discussed, and there is no case law indicating that fifteen minutes is too great a period of time. Sykes may have been outside of her parked vehicle for twenty minutes before she was struck by it after defendants' vehicle collided with her vehicle, but that fact is not sufficient to distinguish the case at hand from Harris.

Accordingly, Sykes' claim is one that arises out of the operation of a motor vehicle. Therefore, § 3333.4 applies, which bars Sykes from asserting a claim for non-economic damages if she lacked insurance at the time of the incident or cannot otherwise

6

1 | establish her financial responsibility pursuant to §

2 | 3333.4(a)(3).

3 |         B.    <u>Insurance and Financial Responsibility</u>

4 |         The California Vehicle Code sets forth four methods by

5 | which one may establish compliance with the financial

6 | responsibility laws. Three of the methods require the person

7 | have insurance or a bond at the time of the accident. (<u>See</u> Cal.

8 | Veh. Code § 16054.) The fourth method provides that financial

9 | responsibility may be established by depositing cash with the

10 | DMV. (<u>See</u> Cal. Veh. Code § 16054.2)[2]

11 |         It is undisputed that, at the time of the accident,

12 | Sykes had no form of financial responsibility in effect. Sykes

13 | concedes that she did not possess insurance at the time, and she

14 | did not deposit money with the DMV until after the accident.

15 | (Pls.' Opp'n to Defs.' Mot. to Bifurcate 3.) However, Sykes

16 | argues that her post-accident cash deposits with the DMV make her

17 | "financially responsible" and thus eligible to recover non-

18 | economic damages. (Pls.' Opp'n to Defs.' Mot. for Summ. J. 10

19 | (Docket No. 28).)

20 |         The "requirement of financial responsibility"

21 | referenced in § 3333.4 "is found in Vehicle Code section 16020,

22 | and defined by Vehicle Code section 16021." <u>Goodson v. Perfect</u>

23 | <u>Fit Enterprises, Inc.</u>, 67 Cal. App. 4th 508, 512 (2d Dist. 1998).

24 | Section 16020 provides that "all drivers and all owners of a

---

25 |       [2]   Section 16054.2(a) states that "evidence may also be

26 | established by any of the following: By depositing with the
department cash in the amount specified in Section 16056."

27 | Section 16056(a) requires that the deposited amount be at least
$35,000.00.

28 |

7

motor vehicle shall at all times be able to establish financial

responsibility pursuant to Section 16021, and shall at all times

carry in the vehicle evidence of the form of financial

responsibility in effect for the vehicle." Among the forms of

financial responsibility that must be "in effect" at "all times"

is any cash deposit with the DMV. See Cal. Veh. Code § 16021(d);

see also Figueroa v. United States, Civ. No. 15-555 JFW ASX, 2015

WL 11438605, at *3 (C.D. Cal. Dec. 9, 2015) (rejecting

plaintiffs' contention that their cash deposits with the DMV two

years after the accident made them financially responsible).

Accordingly, the financial responsibility referenced in § 3333.4

is "a responsibility concurrent with vehicle ownership or

operation." Goodson, 67 Cal. App. 4th at 515; see Ruttenberg v.

Dep't of Motor Vehicles, 194 Cal. App. 3d 1277, 1285 (1st Dist.

1987) ("The financial responsibility law is intended to provide a

guarantee that every driver will be financially responsible

*before* he begins driving.").

　　　　Sykes argues that the cash deposit does not need to be

in effect at the time of the accident. She contends that the

cash-deposit statute does not include a timing requirement like

the other methods set forth in the Vehicle Code, thereby

indicating that the California Legislature intended there to be a

difference in meaning. However, California courts have

determined that:

> The Legislature declared that drivers of
> automobiles in the state shall be
> financially capable of providing monetary
> protection to those suffering injury to
> their person or property by reason of the
> use of such vehicle regardless of fault of
> the drivers and such capability shall be

8

deemed as a concurrent responsibility of
such motor vehicle operation.

(Id.) (citations omitted).  The Ruttenberg court

further clarified that "the intent of the Legislature in passing

the act is unambiguous."  (Id.)  Accordingly, plaintiff's

contention that the cash deposit does not need to be made prior

to the collision is unpersuasive.

Because Sykes was not insured as required by the

California financial responsibility laws at the time of the

collision and her deposits with the DMV after the accident do not

render her "financially responsible," she cannot establish that

she was compliant with section § 3333.4 at the time of the

accident.  Accordingly, she is precluded from recovering non-

economic damages and the court must grant defendants' partial

motion for summary judgment.

III. Motion to Bifurcate

Defendants submitted this motion only in the event that

their partial motion for summary judgment was denied.  Because

the court will grant defendants' partial motion for summary

judgment, their motion to bifurcate is now moot.

IT IS THEREFORE ORDERED that defendants' partial motion

for summary judgment be, and the same hereby is, GRANTED.

Plaintiff Tyeshina Sykes may not recover damages for non-economic

losses to compensate for her pain, suffering, inconvenience,

physical impairment, disfigurement, or other nonpecuniary damages

in this action;

IT IS FURTHER ORDERED that defendants' motion to

bifurcate be, and the same hereby is, DENIED as moot; and

9

1    IT IS FURTHER ORDERED that defendants' motion to amend

2  answer be, and the same hereby is, GRANTED.

3  Dated:  October 31, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10