|  |  |
|---|---|
| TYESHINA SYKES, an individual; and J.S., by and through her guardian ad litem JOHNNY NASH, in individual,<br><br>          Plaintiffs,<br><br>     v.<br><br>DONALD JAMES SHEA, in individual; KUNKEL TRUCK LINES, INC., a South Dakota Corporation; and DOES 1-30,<br><br>          Defendants. | Civ. No. 2:16-2851 WBS GGH<br><br>ORDER RE: MOTION TO APPROVE MINOR'S COMPROMISE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

----oo0oo----

Tyeshina Sykes ("Sykes") initiated this action on behalf of herself and J.S., a minor, against defendants Donald James Shea ("Shea") and Kunkel Trucking, Inc. ("Kunkel") alleging negligence based personal injury claims related to a motor vehicle collision involving a truck driven by Shea and owned by Kunkel. Johnny Nash was appointed as guardian ad litem for J.S. Presently before the court is J.S.'s petition for approval of

1

minor's compromise. (Docket No. 61.)

Under Eastern District of California's Local Rules, the court must approve the settlement of the claims of a minor. E.D. Cal. L.R. 202(b). The party moving for approval of the settlement must provide the court "such . . . information as may be required to enable the Court to determine the fairness of the settlement or compromise." Id. at L.R. 202(b)(2); see also Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011) (district court has a duty "to safeguard the interests of minor plaintiffs" that requires it to "determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable").

In Robidoux, the Ninth Circuit specifically instructed district courts to "limit the scope of their review to the question whether the net amount distributed to [a] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d at 1181. Although the Robidoux court expressly limited its holding to a minor's federal claims, 638 F.3d at 1179 n.2, district courts have also applied this rule in the context of a minor's state law claims. See, e.g., Frary v. County of Marin, Civ. No. 12-3928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015).

The Local Rules require that in actions in which the minor is represented by an appointed representative pursuant to state law, the settlement must first be approved by the state court having jurisdiction over the personal representative. E.D. Cal. Local R. 202(b)(1). Here, the court notes that the

1  Settlement Agreement at issue was first approved by the Honorable
2  Judge Russell L. Hom of the Sacramento Superior Court.  (See Mot.
3  for Approval (Docket No. 61) at 2.)  To require evaluation of the
4  same Settlement Agreement under two different standards strikes
5  this court as both unfair and likely to result in incongruous
6  results.  Primerica Life Ins. Co. v. Cassie, Civ. No. 2:12-1570
7  WBS, 2013 WL 1705033, at *1 (E.D. Cal. Apr. 19, 2013).
8  Additionally, defendants did not submit an opposition at the
9  hearing before the Sacramento Superior Court, nor have they
10 opposed this Motion.

11         The settlement will result in the payment of $87,500 to
12 J.S.  J.S.' attorneys intend to take 25%, or $21,875.00, of J.S.'
13 settlement as payment for their services.  It "has been the
14 practice in the Eastern District of California to consider 25% of
15 the recovery as the benchmark for attorney's fees in contingency
16 cases involving minors."  See Chance v. Prudential Ins. Co. of
17 Am., Civ. No. 1:15-1889-DAD-JLT, 2016 WL 3538345, at *3 (E.D.
18 Cal. June 29, 2016) (compiling cases).  Thus, the portion of the
19 total settlement allocated to attorney's fees in this case is
20 reasonable under the circumstances.

21         Based on all of these considerations, the court finds
22 that the settlement is fair and reasonable and in the best
23 interests of the minor child.  See E.D. Cal. L.R. 202(b); see
24 also Robidoux, 638 F.3d at 1179.  Accordingly, the court will
25 approve the settlement of J.S.' claims against defendants and
26 will grant the petition for approval of minor's compromise.

27         IT IS THEREFORE ORDERED that plaintiff's Motion to
28 Approve Minor's Compromise (Docket No. 61) be, and the same

```
 1 │ hereby is, GRANTED.
 2 │         IT IS FURTHER ORDERED that:
 3 │         1.  The gross amount or value of the settlement or
 4 │ judgment in favor of plaintiff J.S. is $87,500.00
 5 │         2.  Fees and expenses shall be paid by one or more
 6 │ checks or drafts, drawn payable to the order of plaintiff's
 7 │ guardian ad litem Johnny Nash and plaintiffs' attorney, if any,
 8 │ or directly to third parties entitled to receive payment
 9 │ identified in this order for the following items of expenses or
10 │ damages, which are hereby authorized to be paid out of the
11 │ proceeds of the settlement or judgment:
12 │             (a)  Attorney's fees in the total amount of
13 │ $21,875.00 payable to Banafsheh, Danesh, and Javid, P.C.;
14 │             (b)  Reimbursement in the amount of $24,275.90 for
15 │ necessary costs incurred in the prosecution of this matter
16 │ payable to Banafsheh, Danesh, and Javid, P.C.;
17 │             (c)  Medical, hospital, ambulance, nursing and
18 │ other expenses in the amount of $565.98 payable to Department of
19 │ Health Care Services;
20 │             (d)  Medical, hospital, ambulance, nursing and
21 │ other expenses in the amount of $1,791.00 payable to NCO
22 │ Financial Services;
23 │             (e) Payment to J.M. in the total amount of
24 │ $38,993.02 payable to Pacific Life & Annuity Services, Inc. to
25 │ fund a structured settlement annuity and to fund period payments.
26 │ Dated:  May 22, 2018
27 │                                 _____
                                     WILLIAM B. SHUBB
28 │                                 UNITED STATES DISTRICT JUDGE
```
4